**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4583

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SCOTT C. HOLLINS, a/k/a Scott Gaylon,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:06-cr-00428-DCN)

Submitted: March 27, 2008          Decided: April 1, 2008

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

H. Stanley Feldman, Charleston, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott C. Hollins pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2000) (Count 1), and one count of attempting to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2000) (Count 3). The district court sentenced Hollins to concurrent terms of imprisonment of 188 months on Counts 1 and 3, an eight-year term of supervised release, and ordered payment of a statutory assessment of $200. Hollins appeals his sentence, asserting error in the district court's calculation of his offense level used in the determination of his sentence. The Government claims Hollins waived his right to appeal his conviction and sentence.[*]

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his

---

[*]Hollins' plea agreement contained an express waiver of his "right to contest either the conviction(s) or the sentence(s) in any direct appeal or other post-conviction action, . . .."

- 2 -

right to appeal is a question of law that we review de novo. <u>Blick</u>, 408 F.3d at 168. The record reveals, and Hollins does not contest, that he knowingly and voluntarily waived the right to appeal his conviction and sentence. Moreover, the sentencing issue Hollins attempts to raise on appeal falls within the scope of the waiver.

Accordingly, we affirm Hollins' conviction and dismiss the appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>